### Netter, to use, *v.* Quick, Appellant.

Argued November 28, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Ralph S. Croskey,* for appellant.

*Frederick H. Spotts,* with him *Pepper, Bodine, Stokes & Schoch,* for appellee, was not heard.

PER CURIAM, January 5, 1931:

On April 5, 1926, plaintiff delivered to defendant an automobile truck under a conditional sale agreement which provided for the payment of a stated amount in cash and the balance in monthly installments represented by a series of notes of equal amounts maturing monthly, with the provision that title to the truck would not pass to defendant but should remain in plaintiff until all notes were paid. In default of payment, defendant agreed to deliver the truck on demand "by the seller or assigns," and on his failure or refusal so to do it was agreed that "the bona fide holder of the notes and contract" should have the right to take possession, with or without process of law, and all payments made on account should be forfeited as liquidated damages. On the day the contract was executed, plaintiff assigned and transferred it, together with the notes, to the Farmer & Ochs Company, and subsequently defendant defaulted in payment of maturing notes, whereupon a writ of replevin was issued by plaintiff, and, in default of a counterbond, possession of the truck was delivered to plaintiff. On the trial of the replevin proceedings, to which the Farmer & Ochs Company was not a party, the court directed a verdict for defendant for the value of the truck with interest. A rule taken by plaintiff for judgment non obstante veredicto was subsequently discharged, the court, however, concluding that, inasmuch

as it appeared from the conditional sale agreement defendant had no title to the truck in question nor any right of possession at the time the writ of replevin issued, because of having admitted default in payments due under the bailment lease, defendant was entitled to nominal damages only, and the verdict in favor of defendant was allowed to stand on condition that a remittitur be filed of all damages in excess of six cents. From the judgment so entered, defendant appealed.

Under the record as it stood at the time judgment was entered, owing to default in payments under the contract, defendant's only right of possession was subject to his duty to deliver the truck to plaintiff's assignee on demand. He had no right to retain it; consequently, the damages suffered, if any, were not to be measured by the value of the truck, but merely by the value of defendant's right of temporary possession subject to the duty of making immediate delivery. We cannot assume, in determining the value of his right, that he would commit a breach of such duty (Vitagraph Co. of America v. Swaab, 248 Pa. 478, 491) ; and, under the circumstances, and in the absence of proof of actual damages, the court below properly held he was entitled to nominal damages only.

The judgment is affirmed.